951 F.2d 361
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NEW ENGLAND INTERNATIONAL SURETY,
Plaintiff-Appellee-Counter-Defendants,
v.
Jerry BREMNER, Sr., individually and as guardian for Wesley
Franklin Bremner; Mona Fay Bremner,
Defendants-Appellants-Counter-Claimants.
 No. 90-35353.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 3, 1991.*
Decided Dec. 20, 1991.
 
 Before EUGENE A. WRIGHT, DAVID R. THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry and Mona Bremner ("Bremners") are members of the Blackfeet Indian Tribe ("Tribe"). As the result of injuries sustained by their minor son, Wesley, on the Blackfeet Indian Reservation, the Bremners brought an action for damages in tribal court against the Tribe and others in May, 1988. The Tribe notified its insurer, New England International Surety, Inc. ("NEIS"), of the Bremners' action, and NEIS entered its appearance on behalf of its insured.
 
 
 3
 Nine months later NEIS filed the instant action in federal district court under 28 U.S.C. § 2201, seeking a declaration that it had no obligation to defend or indemnify the Tribe in the Bremners' action. The Bremners answered and counterclaimed for damages on a theory of abuse of process, alleging that NEIS' declaratory judgment action was merely a bad faith attempt to stall negotiations in the underlying tribal court litigation while NEIS removed its assets from the United States.
 
 
 4
 On January 10, 1990, following a hearing and oral argument on the Bremners' motion to dismiss NEIS' declaratory judgment action, the district court imposed costs and fees of $5,000 against NEIS and in favor of the Bremners as a sanction for NEIS' failure to comply with the provisions of a previous court order. In addition, the district court dismissed without prejudice both NEIS' declaratory judgment action and the Bremners' counterclaims on the principle of comity afforded the Tribe over its own court proceedings. The Bremners appeal from the dismissal of their counterclaims, arguing that the Tribe has no interest in, and, therefore, the principle of comity has no application to, NEIS' alleged abuse of process in the federal action. We disagree.
 
 
 5
 The district court's dismissal of NEIS's declaratory relief action, on the ground of comity to permit the tribal court to decide the coverage question, has not been appealed. Thus, the tribal court will be the forum where the coverage question will be decided. The tribal court could rule that NEIS owed no duty to defend or indemnify the Tribe under the provisions of the insurance policy in question. Any such ruling by the tribal court would be inconsistent with a determination by the district court, if it retained the counterclaims and ruled on them, that NEIS's act of filing the declaratory judgment proceeding was an abuse of process.
 
 
 6
 We conclude the district court did not abuse its discretion in dismissing the Bremner's counterclaims without prejudice. See Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1229 (9th Cir.1989) (abuse of discretion is standard for review of district court's deferral to tribal court on ground of comity).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3